UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10535 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00004-APG-GWF-24 |
| v. | District of Nevada, Las Vegas |
| CAMERON HARRISON, aka Kilobit, | |
| Defendant-Appellant. | ORDER |

Before: GRABER and McKEOWN, Circuit Judges, and PETERSON,[*] District Judge.

The memorandum disposition filed August 17, 2016, is withdrawn and a

new memorandum disposition is filed concurrently with this order.

With these amendments, Appellee's petition for panel rehearing is

**DENIED**. Further petitions for rehearing or for rehearing en banc may be filed.

---

[*] The Honorable Rosanna Malouf Peterson, United States District Judge for the Eastern District of Washington, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10535 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00004-APG-GWF-24 |
| v. | |
| CAMERON HARRISON, aka Kilobit, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted August 10, 2016
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and PETERSON,** District Judge.

Defendant Cameron Harrison appeals the imposition of 115 months'

imprisonment following his conviction on two counts under the Racketeer

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Rosanna Malouf Peterson, United States District Judge for the Eastern District of Washington, sitting by designation.

Influenced and Corrupt Organizations Act and one count of producing and transferring false identification in violation of 18 U.S.C. § 1028(a)(1). We affirm.

1. The district court did not plainly err by applying a 22-level enhancement under U.S.S.G. § 2B1.1(b)(1)(L)[1] on the ground that the loss was more than $20 million. Defendant participated widely in the criminal enterprise, so it was not obvious that his joint undertaking encompassed less than the full amount lost during the period of his participation.

2. The district court did not plainly err by applying a two-level enhancement under U.S.S.G. § 2B1.1(b)(4) on the ground that Defendant was in the business of receiving and selling stolen property. The district court accepted the factual assertions in the presentence report, to which neither party objected. Although those assertions primarily concerned Defendant's receipt of stolen property, some assertions concerned the sale of property that likely was stolen. Any error in applying this enhancement was not plain.

3. The district court did not plainly err by applying a six-level enhancement under U.S.S.G. § 2B1.1(b)(2)(C) on the ground that the crimes "involved 250 or more victims." See id. cmt. n.4(E).

---

[1] All citations to the Sentencing Guidelines are to the version in effect on the date of sentencing.

4.  Because the far-below-Guidelines sentence was reasonable, the district court did not abuse its discretion in selecting the sentence.

**AFFIRMED.**